No. 24-1702

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

URVE MAGGITTI

*Plaintiff-Appellant,*

v.

UNITED STATES OF AMERICA

*Defendant-Appellee.*

On Appeal from the United States District Court
For The Eastern District of Pennsylvania
No. 2:24-cr-00144-NIQA-1
Judge Nitzai I Quinones Alejandro, United States District Judge

_____

**APPELLANT MAGGITTI'S BRIEF IN SUPPORT OF APPEAL UNDER 28
U.S.C §§ 1447 AND 1443**

_____

Robert E. Barnes, SBN: 235919
BARNES LAW
700 South Flower Street, Suite 1000
Los Angeles, California 90017
Telephone: (310) 510-6211
Email: robertbarnes@barneslawllp.com

*Attorneys for Appellant Urve Maggitti*

# **TABLE OF CONTENTS**

I. INTRODUCTION……………………….…………………………………....4

II. STATEMENT OF JURISDICTION……………………..……………....…4

III. STATEMENT OF ISSUES………………………………………………....5

IV. STATEMENT OF RELATED CASES…………………………………….5

V. STATEMENT OF THE CASE…………………………………..….……...5

VI. STANDARD OF REVIEW…………………………………………….…...5

VII. SUMMARY OF ARGUMENT…………….………..…………….………..6

VIII. ARGUMENT……………………………………………………………….6

IX. CONCLUSION .……………………………………………………………..9

CERTIFICATION………………………………………….………....11

# **TABLE OF AUTHORITIES**

**Cases:**

*BP P.L.C. v. Mayor & City Council of Baltimore*,
　　593 U.S. 230, 141 S.Ct. 1532, 209 L. Ed. 2d 631 (2021) ……………………….4

*Kaufman v. Allstate N.J. Ins. Co.*,
　　561 F.3d 144 (3d Cir. 2009……………………………………………………..5

*McLaren v. UPS Store, Inc.*,
　　32 F.4th 232 (3rd Cir.2022)………………………………………………6,7,9

**Statutes and Rules:**

28 U.S.C. § 1331…………………………………………………………………..4,5

28 U.S.C. § 1442……………………………………………………………………4

28 U.S.C. § 1443…………………………………………………………………..4,7

28 U.S.C. § 1447……………………………………………………………………4

## I. INTRODUCTION

What happens when the party violating a person's federal civil rights is the state court judge? The core of the case concerns state courts in Pennsylvania criminally prosecuting individuals for recording their own court proceedings without permission by the judges presiding over those proceedings. The district court concluded the 30-day limit on removal applies to removals for federal civil rights violations, even when the party violating federal civil rights is the state court itself and even when the violation occurs after the commencement of the underlying case.

## II. STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1447 and 28 U.S.C. § 1443.

The underlying notice of removal is based on civil rights removal jurisdiction, and the numerous civil rights violations by the state prosecutor and state court judge that created multiple grounds for federal question jurisdiction under 28 U.S.C. § 1331. Denials of removal and orders of remand concerning section 1443 removal requests are reviewable on appeal under section 1447 of title 28. *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 141 S.Ct. 1532, 209 L. Ed. 2d 631 (2021). As the statute provides: any "order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise." 28 U.S.C. § 1447. Thus, this court enjoys jurisdiction over this appeal. *McLaren v. UPS Store, Inc.*, 32 F.4th 232 (3rd Cir. 2022).

### III. STATEMENT OF THE ISSUES

The question on the appeal in this case is whether a criminal defendant may remove a pending state court criminal proceeding to federal court to adjudicate their federally protected civil rights after the rights violation occurs if the rights violation occurs more than 30 days after the underlying criminal case commenced?

### IV. STATEMENT OF RELATED CASES

There are no related cases pending in this court.

### V. STATEMENT OF THE CASE

**Factual & Procedural History**

On April 10, 2024, Appellant filed a Notice of Removal in the Eastern District Court of Pennsylvania, seeking to remove her pending state criminal case in Chester County, Pennsylvania to Federal Court, raising claims the state court and prosecution violated her federally protected civil rights under section 1331 of Title 28. Appx5-427. The district court denied the removal on grounds the underlying state criminal case commenced in June of 2023, outside the 30-day window applicable under section 1445 of Title 28. Appx428. This appeal followed.

### VI. STANDARD OF REVIEW

This court reviews de novo the issues in this case, which include the issues of law, such as "issues of subject matter jurisdiction and statutory interpretation." *Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009).

## VII.　SUMMARY OF THE ARGUMENT

The removal notice under the federal civil rights statute conferred jurisdiction on the federal district court. The district court dismissed the removal and remanded to the state court applying the 30-day removal requirement to the original commencement of the underlying case rather than to the pleading or court action that gave notice to the defendant of federal jurisdiction. In so doing, the district court repeated an error recently reversed by this court in an analogous circumstance interpreting and applying the same statute. The trigger date for jurisdictional notice to remove under the federal rights statute is the state court's order showing an incapacity to protect federal civil rights, not the first ever date of the underlying criminal proceeding itself. As such, the district court erred, and this court should reverse and remand for relevant fact finding.

## VIII.　ARGUMENT

This court answered the question of the applicability of the 30-day time window in an analogous context. *McLaren v. UPS Store, Inc.*, 32 F.4th 232 (3rd Cir. 2022). The 30-day window isn't triggered until a court action or pleading triggers notice of federal jurisdiction. *McLaren v. UPS Store, Inc.*, 32 F.4th 232 (3rd Cir. 2022). As this court explained in reversing the denial of removal and granting of remand, the mere commencement of the underlying state case "did not reveal facts from which Defendants could ascertain removability" and as such "no thirty-day removal clock started." *McLaren v. UPS Store, Inc.*, 32 F.4th 232, 241 (3rd Cir. 2022).

The court explained the reasons for this notice-pleading rule: only when a court or party takes a legal action that triggers notice of federal jurisdiction must a party seek removal within the 30-day window. *McLaren v. UPS Store, Inc.*, 32 F.4th 232 (3rd Cir. 2022). The reason for this "bright line rule" is it "prevents premature removals." *McLaren v. UPS Store, Inc.*, 32 F.4th 232, 239 (3rd Cir. 2022). If the court improperly denies removal without developing a full factual record on the relevant jurisdictional questions, then the appropriate remedy is remand to the district court for further factual development on the jurisdictional question. *McLaren v. UPS Store, Inc.*, 32 F.4th 232, 242 (3rd Cir. 2022).

Under the federal civil rights law, a criminal proceeding is not automatically removable from the inception of the criminal process. 28 USC § 1443. Under the federal civil rights removal statute, it is only when a person discovers their federally protected civil rights either 1) "is denied or cannot enforce in the courts of such State" or 2) an act or refusal to act inconsistent with federal civil rights within the criminal proceeding that triggers the right of removal. 28 USC § 1443. Critically, it isn't the underlying state criminal proceeding that triggers the federal jurisdictional notice, but the state court or prosecution taking action within the state criminal proceeding that fails to enforce federal civil rights, denies federal civil rights, or action inconsistent with federal civil rights. The pleadings show actions by the state court and prosecution within

30 days of the notice of removal filing in the federal district court.

The federal civil rights removal rights were designed to protect criminal defendants when a state prosecutor or court takes action that fails to protect those federal civil rights. The law does not require a defendant anticipating a court or prosecutor may in the future fail to protect federal civil rights by filing notices of removal from the very commencement of a criminal proceeding. Indeed, that would undermine, not enable, judicial economy by flooding the federal courts with removal notices in mere speculative anticipation of whether the state court or prosecutor may fail to protect federal civil rights in the criminal proceeding. It would counter the very reason for this court's finding that the initial commencement of a case being sought for removal does not trigger the timeline for removal until and unless a specific judicial or party action triggers notice of federal jurisdiction. In the context of a state criminal proceeding and federal civil rights based removal, it isn't the state criminal proceeding that triggers the right of removal but rather the action of the state court or prosecutor that proves the state court will not protect the federal civil rights of the defendant in that state criminal proceeding. As such, it is notice of that state court action that triggers the right of removal, not the start date of the underlying criminal case being removed.

In this case, the district court made the same mistake as the district court in *McLaren*: assuming the first-filed document in the case triggered the jurisdictional notice without evaluating whether that document actually triggered notice of federal jurisdiction

and without evaluating whether any other action had occurred thereafter that independently triggered notice of federal jurisdiction. The pro-se plaintiff may not have had the perfect pleading, but the judicial review necessary never occurred. Point in fact, a review of the pleadings show federal civil rights violations arose from the state court's orders within 30 days of the petition to federal court, complaining the state court's order violated her federal civil rights.

## IX.   CONCLUSION

The district court repeated the error this court recently reversed in *McLaren*. The law only wants defendants in state criminal cases to remove their case to federal court when the state court shows its complete incapacity to protect the federal civil rights of the criminal defendant. That is what happened here. The appellant was punished for not seeking removal until the state court proved it would not protect her civil rights by actual rulings of the state court. It was those state court orders that triggered her right of removal, which she sought within thirty days. Consequently, the district court erred in applying the date of the state criminal case commencing as the trigger date for removal, and this court should reverse and remand for appropriate jurisdictional fact finding relevant to the federal civil rights based removal sought here.

Dated August 12, 2024                                          Respectfully submitted,

/s/ Robert E. Barnes
Robert E. Barnes, Esq.
CA. Bar ID #: 235919
Barnes Law, LLP

700 S. Flower Street, Suite 1000
Los Angeles, CA 90017
Telephone: (310) 510-6211
Fax: (310) 510-6225
Email: robertbarnes@barneslawllp.com

*Counsel for Appellant Urve Maggitti*

## **CERTIFICATION**

I, the undersigned, hereby certify the following:

1. I am a member of the Bar of the United States Court of Appeals for the Third Circuit.

2. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 1,967 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

3. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type requirements of Fed. R. App. P. Rule 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word in 14-point Times New Roman. The text of the electronic and paper versions of the foregoing brief are identical.

4. A virus check was performed on this brief, and none was indicated.

5. On August 12, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to all registered users.

Dated August 12, 2024

                                                Respectfully submitted,

                                                */s/ Robert E. Barnes*
                                                Robert E. Barnes, Esq.
                                                CA. Bar ID #: 235919

>Barnes Law, LLP
>700 S. Flower Street, Suite 1000
>Los Angeles, CA 90017
>Telephone: (310) 510-6211
>Fax: (310) 510-6225
>Email: robertbarnes@barneslawllp.com

*Attorney for Appellant Urve Maggitti*