**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1702
_____

COMMONWEALTH OF PENNSYLVANIA

v.

URVE MAGGITTI,
              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2:24-cr-00144-001)
District Judge: Hon. Nitza I. Quiñones Alejandro

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 3, 2025

Before: RESTREPO, MONTGOMERY-REEVES, SCIRICA, *Circuit Judges*

(Filed: March 20, 2025)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant Urve Maggitti appeals the District Court's remand of her state court criminal proceeding to the Pennsylvania Court of Common Pleas, Chester County. For the reasons that follow, we will affirm.

**I.**[1]

On June 15, 2023, Maggitti was arraigned in the Chester County Court of Common Pleas and charged with one count of Unlawful Use of an Audio or Video Device in Court under 18 Pa. Cons. Stat. § 5103.1. On April 10, 2024, she filed a notice of removal in the Eastern District of Pennsylvania seeking to remove her pending state criminal case to federal court under 28 U.S.C. §§ 1455, 1446, 1443. The District Court remanded on April 16, and Maggitti timely appealed.

**II.**

We begin with whether the District Court's remand order is reviewable. Generally, remand orders are "not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable." 28 U.S.C. § 1447(d). Because Maggitti asserted, at least in part, that removal was proper under § 1443, the entire remand order is reviewable on appeal. *See BP P.L.C. v. Mayor & City Council of Balt.*, 141 S. Ct. 1532, 1538 (2021) (noting that a party's reliance on § 1443 for removal permits review of the

---

[1] Since we write primarily for parties already familiar with this case, we include only those facts necessary to reach our conclusion.

"whole" remand order). We exercise plenary review over the underlying legal basis for remand. *See Lazorko v. Pa. Hosp.*, 237 F.3d 242, 247 (3d Cir. 2000).

### III.

Under 28 U.S.C. § 1455, state criminal defendants can remove certain prosecutions to federal court. Among other requirements, defendants must file a notice of removal "not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time." § 1455(b)(1).

The District Court remanded Maggitti's state criminal proceedings because she missed the 30-day deadline, provided no reason for the delay in her notice of removal, and failed to seek leave to file an untimely notice. Thus her attempt at removal under § 1455 was futile. And because she sought removal of a criminal prosecution, not a civil action, Maggitti's citing of 28 U.S.C. § 1446 and our case law interpreting that removal statute in the civil context is unavailing. We find no error in the District Court's decision to remand, so we will affirm.